UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IPCO LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PRECISION WEATHER SOLUTIONS INC.,<br><br>    Defendant. | Civil Action No. _____<br><br>Jury Trial Demanded |

## COMPLAINT

Defendant Precision Weather Solutions Inc. (PWS) engaged in litigation in this District and in Canada against its customer Farmers Edge Inc. (Farmers Edge) and others. Believing PWS's claims to be meritorious, Plaintiff IPCo LLC (IPCo) entered into an interim agreement with PWS for IPCo to pay certain then-outstanding and ongoing costs for litigation in this District, as well as an appeal to the Fourth Circuit (the Interim Funding Agreement) for a period while PWS was searching for an investor with which to enter into a permanent funding agreement. During the pendency of the Interim Funding Agreement, PWS and IPCo also entered into oral agreements for IPCo to provide funding for PWS to continue its litigation in Canada and explore the viability of additional actions in Canada (the Supplemental Agreements). PWS never reached a permanent funding agreement, triggering a requirement for PWS to repay all monies paid by IPCo under the Interim Funding Agreement by a date certain. That date has passed without repayment. PWS also has failed to repay the monies paid by IPCo under the Supplemental Agreements. Having been damaged by PWS's refusal to repay the monies that IPCo expended on PWS's behalf, IPCo seeks full repayment of those monies plus interest from the date repayment was due.

1

## THE PARTIES

1. IPCo is a limited liability company organized and authorized to transact business in the Commonwealth of Virginia.

2. PWS is a corporation formed under the laws of Canada with its principal place of business at 70 Arthur Street, Winnipeg, Manitoba R3B 1G7 Canada.

## JURISDICTION AND VENUE

3. As a limited liability company whose sole member, the Donald E. Stout and Mary S. Stout Joint Revocable Trust, has as its sole trustees and beneficiaries Donald E. Stout and Mary S. Stout, both of whom are Virginia citizens, IPCo is a Virginia citizen.

4. As a corporation incorporated in Canada and with its principal place of business in Canada, PWS is a citizen of Canada.

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen of a foreign state that is neither lawfully admitted for permanent residence in the United States nor domiciled in Virginia.

6. This Court has personal jurisdiction over PWS under Virginia Code § 8.01-328.1.A because IPCo's causes of action arise from PWS's or its agents' transacting of business in Virginia.

7. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because PWS is a foreign corporation and under 28 U.S.C. § 1391(b)(2) because PWS directed the Interim Funding Agreement to IPCo for execution in this District, IPCo paid monies under the terms of the Interim Funding Agreement and the Supplemental Agreement from this District, and the monies paid under the Interim Funding Agreement were used to fund litigation in this District.

**FACTUAL BACKGROUND**

A.     **The Interim Funding Agreement**

8.     As a result of litigation between them in Canada, PWS and Farmers Edge entered into a consent order requiring Farmers Edge to make certain payments to PWS and PWS to provide certain information to Farmers Edge. PWS alleged that it complied with the consent order, but Farmers Edge failed to do so and, instead, used the information provided by PWS to complete its misappropriation of PWS's trade secrets and other confidential information.

9.     PWS elected to pursue its trade secret misappropriation and related claims against Farmers Edge and Farmers Edge (US), Inc. (collectively, Farmers Edge) in this Court pursuant to, among other bases, the Defend Trade Secrets Act, which has no Canadian counterpart. PWS filed its complaint in that action on July 12, 2021, seeking compensatory damages with interest, consequential and actual damages or disgorgement of Farmers Edge's profits with interest, exemplary damages, punitive damages, pre- and post-judgment interest on all damages, attorneys' fees, and costs of suit. Following Farmers Edge's motion to dismiss the litigation, PWS amended its complaint to clarify the significant links between the claims and this District.

10.    Having already incurred significant litigation costs in Canada and facing even greater costs to continue litigating in Canada and successfully prosecute its claims in this District, PWS sought outside assistance to fund the litigations. IPCo agreed to provide limited funding in exchange for recovery of its investment plus a percentage of any recovery in the litigation in this District as consideration for its risk in providing the funding to enable PWS to continue the litigation in the United States while PWS sought one or more investors to fund all of its litigation activity on a permanent basis.

11. To secure the funding from IPCo, PWS sent to IPCo, at its registered office in McLean, Virginia, a letter agreement dated October 22, 2021 with the subject line "Interim Funding Agreement," signed by Susan R. Bonk as Chief Executive Officer of PWS memorializing the agreement. IPCo's registered agent, Donald E. Stout, signed the agreement in Virginia on its behalf. A true and correct copy of the Interim Funding Agreement is attached as Exhibit 1.

12. Under the terms of the Interim Funding Agreement, IPCo agreed to provide interim funding for PWS's actions against Farmers Edge in the United States while PWS continued its efforts to reach a permanent funding agreement. Although PWS provided an estimated budget for its counsel, Dentons US LLP (Dentons), of $2.5 million USD, IPCo was under no obligation to pay that amount under the Interim Funding Agreement. IPCo paid a majority of the funding directly to Dentons to cover litigation costs PWS already had incurred and to continue to cover those litigation costs through amendment of the complaint and the resolution of the appeal to the Fourth Circuit. PWS approved each payment made by IPCo on PWS's behalf.

13. IPCo provided to PWS and its agents more than $1.4 million USD in interim funding under the terms of the Interim Funding Agreement to fund the litigation in this District and in the Fourth Circuit.

14. Pursuant to the terms of the Interim Funding Agreement, if PWS did not identify one or more investors and reach a permanent funding agreement, PWS agreed to repay the interim payments made by IPCo "24 months from July 1, 2021," i.e., 24 months after the filing of PWS's action against Farmers Edge.

15. The Interim Funding Agreement states that it will be construed under the laws of the Commonwealth of Virginia.

16. PWS never reached a permanent funding agreement.

17. PWS did not prevail in the litigation in this District.

B. **The Supplemental Agreements**

18. During the pendency of the Interim Funding Agreement, PWS requested that IPCo provide additional funding so PWS could submit an expert report in the Canadian litigation and, separately, so PWS could retain two Canadian law firms, Gowling WLG LLP and Crawley Mackewn Brush LLP, to assess the viability of a malpractice claim against its counsel in its litigation with Farmers Edge in Canada and a separate action against another party, respectively.

19. IPCo agreed that it would provide the requested funding on a limited basis, i.e., that IPCo would provide funding for the expert report and sufficient funding to retain the two Canadian law firms but not that IPCo would continue to fund the Canadian litigations beyond providing that initial funding.

20. IPCo provided more than $165,000 USD directly to Intensity LLC for the expert report and $140,000 CAD (approximately $102,000 USD at the then-existing exchange rate) directly to the two Canadian law firms under the Supplemental Agreements.

C. **Performance and Non-Performance Under the Interim Funding Agreement**

21. Under the terms of the Interim Funding Agreement and the Supplemental Agreements, IPCo paid more than $1.7 million USD between October 2021 and January 2023. IPCo made payments both directly to PWS and to third parties acting on PWS's behalf.

22. PWS approved each payment made by IPCo on PWS's behalf. Further, PWS sent to IPCo, in February 2023, an accounting of the "IPCo Loan Agreement Payments"—IPCo's payments to third parties on PWS's behalf.

23.     Because PWS never reached a permanent funding agreement, all payments made by IPCo were due to be repaid on July 12, 2023 under the terms of the Interim Funding Agreement and the Supplemental Agreements.

24.     To date, PWS has not repaid to IPCo any portion of the payments made by IPCo under the terms of the Interim Funding Agreement or the Supplemental Agreements.

## COUNT ONE—BREACH OF CONTRACT

25.     IPCo incorporates herein by reference and realleges all allegations in paragraphs 1 through 24.

26.     The Interim Funding Agreement constitutes a valid contract between PWS and IPCo for an exchange of funds. PWS's endorsed letter agreement to IPCo with the terms for an interim funding agreement constitutes an offer. IPCo's endorsement of the letter agreement and subsequent payment of funds under the terms of the agreement manifest IPCo's acceptance. IPCo's promise to provide the interim funding for PWS's benefit and PWS's promise to return the interim funding at a date certain constitute consideration.

27.     IPCo fully performed its obligations under the terms of the contract. IPCo made the interim payments as promised in the Interim Funding Agreement. PWS approved all payments made on its behalf under the Interim Funding Agreement.

28.     PWS's performance is past due under the terms of the contract. Because PWS never reached a permanent funding agreement, PWS was obligated to repay all payments made by IPCo on or before July 12, 2023 according to the terms of the Interim Funding Agreement.

29.     PWS is in breach of the contract. To date, PWS has not repaid to IPCo any portion of the interim payments, in breach of its contractual obligation under the Interim Funding Agreement.

30. The Supplemental Agreements constitute valid contracts between PWS and IPCo for an exchange of funds. PWS orally requested that IPCo provide litigation funds in addition to those provided under the Interim Funding Agreement. IPCo orally agreed to provide such funds on a limited basis subject to the funds being repaid. IPCo's promise to provide the interim funding for PWS's benefit and PWS's promise to return the interim funding constitute consideration.

31. IPCo fully performed its obligations under the terms of the contract. IPCo made the payments as promised in the Supplemental Agreements. PWS approved all payments made on its behalf under the Supplemental Agreements.

32. PWS's performance is past due under the terms of the contracts. Because PWS never reached a permanent funding agreement, PWS was obligated to repay all payments made by IPCo on or before July 12, 2023.

33. PWS is in breach of the contracts. To date, PWS has not repaid to IPCo any portion of the payments, in breach of its contractual obligations under the Supplemental Agreements.

34. IPCo has suffered pecuniary harm as a result of PWS's contractual breaches. Because PWS has not repaid any portion of the payments made by IPCo, IPCo has lost more than $1.7 million USD that it provided under the Interim Funding Agreement and the Supplemental Agreements, and expected to recoup by July 12, 2023. Further, IPCo continues to suffer additional pecuniary harm every day that IPCo remains in breach for at least the amount of interest that the unpaid funds would be accruing in IPCo's possession.

## COUNT TWO—UNJUST ENRICHMENT

35. IPCo incorporates herein by reference and realleges all allegations in paragraphs 1 through 34.

36. IPCo pleads Count Two in the alternative to Count One.

37. IPCo conferred a benefit on PWS. IPCo provided more than $1.7M USD in funding directly to PWS or to third parties in payment of PWS's obligations so PWS could continue its litigation against Farmers Edge and initiate additional litigations in Canada.

38. PWS knew of the benefit IPCo conferred. PWS received a portion of the interim funding directly into its own bank account and was aware that the other funds were paid directly to its litigation counsel and consultants. Further, PWS approved the payments before they were made by IPCo.

39. PWS reasonably should have expected to repay IPCo. PWS drafted the letter agreement that constituted the Interim Funding Agreement with the expectation that IPCo was willing to provide the funding and the understanding that IPCo expected to be repaid the funds if PWS did not reach a permanent funding agreement. PWS also requested the additional funding that was the subject of the Supplemental Agreements with the same expectation of having to repay those funds. And PWS acknowledged that it owed the funds back to IPCo in a February 2023 communication.

40. PWS accepted or retained the benefit without paying for its value. PWS continued to prosecute its litigation against Farmers Edge in the United States and Canada, knowing that IPCo was shouldering the burden of funding the litigation, and initiated litigations in Canada using funds provided by IPCo. To this day, PWS has not paid IPCo any portion of the funds IPCo expended on PWS's behalf, even though, because PWS did not reach a permanent funding agreement, the expenditures essentially amount to an interest-free loan to PWS of more than $1.7M USD.

## **PRAYER FOR RELIEF**

WHEREFORE, IPCo prays for judgment in its favor and against PWS as follows:

A. That PWS pay damages in an amount to be proven in excess of $1.7M USD plus interest to be calculated from July 12, 2023 until the date of payment, as direct damages (under Count One) or quantum meruit damages (under Count Two); and

B. That IPCo be granted such other and further relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

IPCo demands a trial by jury for all issues triable by a jury.

Dated: January 25, 2024

          Respectfully Submitted,

          IPCo LLC

          By: *[signature]*

          Maya M. Eckstein (VSB #41413)
          R. Dennis Fairbanks (VSB # 90435)
          HUNTON ANDREWS KURTH LLP
          951 E. Byrd St.
          Richmond, VA 23219
          Ph: (804) 788-8200
          Fax: (804) 788-8218
          meckstein@HuntonAK.com
          dfairbanks@HuntonAK.com

          *Attorneys for Plaintiff*